IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, *et al.*, | : CIVIL ACTION NO. 4:22-CV-1776 |
| Plaintiffs | : (Judge Conner) |
| v. | : |
| NORTHUMBERLAND COUNTY CYS, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

Before the court is the report of Magistrate Judge William I. Arbuckle, issued following screening review of *pro se* plaintiff Aaron J. Bressi's second amended complaint. Bressi has objected to the report, in addition to filing various other documents. We will adopt the report, overrule Bressi's objection, and deny his remaining motions as moot.

**I. Background**

Bressi initiated this lawsuit on November 8, 2022. He filed an amended complaint on January 9, 2023, naming 20 defendants, including various judges, courts, and other individuals and entities. Magistrate Judge Arbuckle screened Bressi's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and issued an order explaining to Bressi its many factual deficiencies, including outlining the requirements of Federal Rule of Civil Procedure 8(a) and the rule prohibiting *pro se* parties from acting on behalf of or purporting to represent other individuals. Judge Arbuckle granted Bressi leave to file an amended pleading if he so desired.

Bressi filed the operative second amended complaint on February 16, 2023. The complaint names still more defendants but provides none of the clarifying facts Judge Arbuckle had explained would be necessary for the pleading to satisfy Rule 8(a) or state a plausible claim. Accordingly, on February 28, 2023, Judge Arbuckle issued a report recommending the complaint be dismissed without further leave to amend. Bressi timely objected to the report.

II.   **Legal Standard**

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also Fed. R. Civ. P. 72(b)(3). We afford "reasoned consideration" to any uncontested portions of the report before adopting them as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

III.   **Discussion**

We find Judge Arbuckle's analysis to be well-reasoned and fully supported by the applicable law, and Bressi's objection to be without merit. For purposes of the discussion that follows, we adopt and incorporate in full the limited factual background set forth in Judge Arbuckle's report—which reflects Judge Arbuckle's best effort to interpret Bressi's bare-bones pleading and the various exhibits Bressi has provided to the court—as well as Judge Arbuckle's articulations of applicable legal standards.

We note as a preliminary matter that Bressi's objections arguably are insufficient to trigger *de novo* review; our Local Rules of Court require that objections "specifically identify the portions of the . . . report to which objection is made and the basis for such objections," see M.D. PA. L.R. 72.3, and Bressi's filing does not meaningfully speak to the report or its substantive analysis. In any event, we agree with Judge Arbuckle that Bressi's second amended complaint continues to flout federal pleading standards. It includes no factual allegations whatsoever: in the portion of the form complaint asking Bressi to identify the "facts underlying your claim(s)," Bressi offers only the conclusory assertion that "All Defendants caused me and my children, the Plaintiffs major Intentional Infliction of Emotional Distress." (See Doc. 33 at 4). In the "Legal Claim(s)" portion of his pleading, Bressi seems to ask the court to do his work for him by suggesting we review the "court ordered/remanded records"—all 142 pages of them—attached to his pleading. (See id. at 5; see also Docs. 33-1, 33-2). This despite Judge Arbuckle's warning to Bressi in the first screening order that Bressi must, in any amended pleading, include enough facts for the court and defendants to know precisely what he is complaining about, and must explicitly and clearly point to the parts of the attached exhibits he is using to support his claims. (See Doc. 21 at 14, 16-17). We therefore agree with Judge Arbuckle that Bressi's second amended complaint violates Rule 8(a) and fails to state a claim for which relief may be granted.

We also agree with Judge Arbuckle that further leave to amend would be futile. Bressi has already amended his pleading once as a matter of right, and he filed a second amended pleading with the benefit of Judge Arbuckle's guidance as

to the deficiencies in the first.  Bressi not only failed to heed that guidance in his second amended complaint, he also defied certain explicit warnings—for instance, Judge Arbuckle's admonition that as a *pro se* party and nonlawyer, Bressi cannot continue his attempt to represent his minor children in this lawsuit.  (See id. at 12-13).  Bressi's objection and other miscellaneous filings give us no basis to find he is capable of curing the many defects in his pleading.  Although Bressi's objection does state that his children were removed from his custody "due to all lies," Bressi offers no specifics about who did what, when they did it, or why he believes those actions violated the law.  (See Doc. 40 at 6).  Rather than providing necessary factual allegations, Bressi asks the court to conduct discovery for him, suggesting we ought to "order every entities and defendants listed in this case" to provide certain records he claims will "give this Honorable District Court the entire case, along with all evidence towards claims against all defendants and entities."  (See id at 9).  As Judge Arbuckle's report explains, that simply is not how federal pleading works.

      There is nothing in the second amended complaint or the various filings Bressi has submitted since that would provide the defendants "notice of what the . . . claim is and the grounds upon which it rests."  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  We thus conclude, for the reasons set forth in Judge Arbuckle's report and based upon our review of Bressi's subsequent filings, that further leave to amend would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4

## IV.  Conclusion

For the reasons set forth herein, we will adopt Judge Arbuckle's report and dismiss Bressi's complaint without further leave to amend.  We will also deny as moot Bressi's motion seeking an indefinite stay of this litigation until after his release from prison and his motion for reconsideration of Judge Arbuckle's order denying Bressi's request for appointment of counsel.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     June 9, 2023